1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DIRECTV, INC., a California corporation,** | **1:03-CV-6246 OWW SMS** |
| **Plaintiff** | **ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS (DOC. 46).** |
| **v.** | |
| **SCOTT PAHNKE,** | |
| **Defendant.** | |

### I.   INTRODUCTION

This is one of many civil anti-piracy cases brought by DIRECTV, Inc., ("Plaintiff") in this district.  Scott Pahnke ("Defendant"), appearing pro se, answered the complaint and filed several other motions during the early stages of this litigation, including a successful motion to dismiss one of the counts. However, for the past several months, Pahnke has failed to respond to any communications from plaintiff's counsel, failed to appear for several scheduling conferences, and apparently failed to make initial disclosures or respond to any discovery requests. Before the court for decision is Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 37.  Doc. 46, filed Mar 28, 2005.  Defendant has filed no opposition or statement of non-opposition, nor has he filed any other responsive documents.

**1**

## II.   **FACTUAL BACKGROUND**

On September 12, 2003, DIRECTV filed a complaint against Defendant Pahnke and three other individuals, alleging that each of the defendants purchased "Pirate Access Devices" capable of decrypting DIRECTV's encrypted satellite television programming and used the devices to receive DIRECTV's programming without authorization, in violation of several federal anti-piracy statutes.  Doc. 1.

Pahnke answered on February 24, 2004, Doc. 13, and appeared for a scheduling conference on March 19, 2004.  *See* Doc. 19.  At that conference, the district court noted that DIRECTV may have misjoined Defendants "who have no relation to each other factually or legally."  The district court then issued an order to show cause why "DIRECTV, Inc., and its [prior] attorneys should not be sanctioned for misjoining parties, after having been ordered not to do so in other districts of the United States."  *Id*. at 2.  DIRECTV responded to the order, Docs. 20 & 21, filed Apr. 2, 2004.  Pahnke also filed a reply concerning the order to show cause.  Doc. 22, filed Apr. 13, 2004.  On May 7, 2004, the district court dismissed the claims against Defendants Santos and Vasquez, subject to re-filing, on the grounds that they had been misjoined.  Doc. 25.  The district court also ordered prior counsel for DIRECTV to show cause why she should not be sanctioned for lack of candor and misciting legal authority to the court.  *Id.*

DIRECTV responded to this second order to show cause on June 18, 2004.  On August 18, 2004, the district court found there had been no violation and declined to impose sanctions against

**2**

1  DIRECTV or its prior counsel.

2      Defendant Pahnke then moved to dismiss Count III of the
3  complaint on the grounds that no private cause of action is
4  available for a violation of 18 U.S.C. § 2512, a criminal
5  statute.  Doc. 31, filed Aug. 31, 2004.  DIRECTV filed a notice
6  of non-opposition, Doc. 33, filed Sept. 8, 2004, and Count III
7  was dismissed against Defendant Pahnke.  Doc. 36, filed Sept.,
8  22.

9      Then, Defendant Pahnke stopped participating in this
10 litigation.  Plaintiff's new counsel attempted to contact
11 Defendant on November 22, 2004 "to request Defendant's input and
12 cooperation to prepare and file a Joint Scheduling Report."  *See*
13 Shah Decl., Ex. A.  Pahnke did not respond to the letter, and
14 failed to appear at the December 3, 2004 scheduling conference.
15 *See* Doc. 41 and Shah Decl. at ¶4.  Defendant Pahnke again failed
16 to appear at the rescheduled conference date.  *See* Doc. 42, filed
17 Jan. 5, 2005.  The district court again continued the scheduling
18 conference, on the condition that Defendant first serve initial
19 disclosures as required by Federal Rule of Civil Procedure 26(a),
20 on or before February 5, 2005.  Doc. 43, filed Jan. 7, 2005.
21 DIRECTV mailed the Scheduling Conference Order to Defendant at
22 his work and residential addresses.  Shah Decl. ¶6, Exh. D.

23     In the event that Defendant did not file his initial
24 disclosures, the district court authorized DIRECTV to "take such
25 steps as it deems necessary and appropriate."  Doc. 43 at 2.
26 Defendant still has not served his initial disclosures or
27 responded in any way to the scheduling orders in this case.
28 Accordingly, Plaintiff filed the instant motion, Doc. 46, filed

**3**

1   Mar. 28, 2005, requesting the imposition of Rule 37 sanctions for

2   Defendant Pahnke's "unjustified and continuous failure to comply

3   with his discovery and case management obligations."

4   Specifically, Plaintiff requests the entry of an order striking

5   Defendant's answer and entering judgment in favor of DIRECTTV.

6   In the alternative, DIRECTV requests an evidentiary sanction

7   prohibiting Defendant from introducing evidence in any proceeding

8   in this case, regarding witnesses, documents, or information that

9   Defendant should have included in his initial disclosures.   In

10  addition to either of the above sanctions, Plaintiff requests

11  monetary sanctions against Defendant in the amount of $4,438.00

12  for attorney's fees incurred by DIRECTV to prepare the current

13  motion and present it to the court.  *Id*. at 2.

14

15              **III.   LEGAL ANALYSIS**

16       The issuance of sanctions for noncompliance with discovery

17  rules is governed by Federal Rule of Civil Procedure 37.   Rule

18  37(c)(1) provides:

19              A party that without substantial justification fails to
            disclose information required by Rule 26(a) or
20          26(e)(1)...is not, unless such failure is harmless,
            permitted to use as evidence at a trial, at a hearing,
21          or on a motion any witness or information not so
            disclosed. In addition to or in lieu of this sanction,
22          the court, on motion and after affording an opportunity
            to be heard, may impose other appropriate sanctions. In
23          addition to requiring payment of reasonable expenses,
            including attorney's fees, caused by the failure, these
24          sanctions may include any of the actions authorized
            under Rule 37(b)(2)(A), (B), and (C) and may include
25          informing the jury of the failure to make the
            disclosure.
26  Rule 37(b)(2) enumerates the types of sanctions that may be

27  issued by a court in which an action is pending.

28              If a party...fails to obey an order to provide or
            permit discovery...or if a party fails to obey an order

                              **4**

entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, [including] the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

\* \* \*

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Before Rule 37 sanctions may be imposed, a party ordinarily must disobey a court order regarding discovery. *Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992). Nevertheless, even if no prior discovery order had been issued or violated, pursuant to a court's "inherent powers" to manage its affairs, a district court may still exclude evidence not properly handed over in discovery. *Id.*

DIRECTV requests that Defendant's answer be stricken and that judgment by default be entered against him. Rule 37(b)(2)(A) permits a district court to strike the answer of a disobedient defendant and/or enter a judgment of default. *See also Sigliano v. Mendoza et al.*, 642 F.2d 309, 310 (9th Cir.

1   1981)(even absent a previous order, "dismissal is a proper

2   sanction under Rule 37(d) for a serious or total failure to

3   respond to discovery even without a prior order."). It is

4   appropriate to strike an answer and enter judgment where the

5   failure to propound discovery was willful or made in bad faith.

6   "Willful" noncompliance can be demonstrated by "disobedient

7   conduct [that] is not…outside the control of the litigant."

8   *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

9       In *Sigliano*, the defendants propounded interrogatories to

10  plaintiff and requested the production of documents, but

11  plaintiff failed to respond. 642 F.2d at 310. Defendants then

12  filed a motion to compel the requested discovery, followed by a

13  motion to dismiss, under Rule 37(d), on the ground that plaintiff

14  failed to respond to the motion to compel or to provide the

15  requested discovery. A few weeks later, Plaintiff filed a motion

16  for an extension of time to respond to the discovery request.

17  Defendants then noticed a hearing on their motion to dismiss, but

18  plaintiff failed to appear. The court continued the hearing for

19  several weeks with the proviso that if plaintiff failed to

20  respond to the motion a certain date, the case would be

21  dismissed. On the day of the hearing, plaintiff filed a motion

22  to continue the hearing on the ground that work on the

23  interrogatories, although burdensome, was proceeding. The

24  district court dismissed the action pursuant to Rule 37 on the

25  ground that plaintiff failed to comply with its orders. The

26  Ninth Circuit upheld this dismissal on the grounds that

27  plaintiff's "repeated failure to comply with the discovery

28  request and the court's orders manifested the requisite fault and

**6**

1  fully justified the sanction imposed." *Id.*   The Ninth Circuit

2  Reasoned:

3  > Due process requires that neither dismissal nor
   > preclusion of evidence that is tantamount to dismissal
4  > may be imposed when failure to comply is due to
   > circumstances beyond the recalcitrant's control. This
5  > court has specifically encouraged dismissal, however,
   > where the district court determines that counsel or a
6  > party has acted *willfully or in bad faith in failing to*
   > *comply with rules of discovery or with court orders*
7  > *enforcing the rules or in flagrant disregard of those*
   > *rules or orders*.

8

9  *Id.*   Although *Sigliano* involved the dismissal of claims because

10 of a plaintiff's misconduct, the Ninth Circuit recognizes that it

11 is equally appropriate to grant default judgment against a

12 defendant for failure to comply with a court order.   *See Rio*

13 *Properties, Inc. v. Rio Intern. Interlink,* 284 f.3d 1007, 1021-22

14 (9th Cir. 2002); *Henry v. Sneiders,* 490 F.2d 315 (9th Cir. 1974)

15 (holding reaffirmed and extended to Rule 41 in *Yourish v.*

16 *California Amplifier*, 191 F.3d 983, 978 (1999)).

17     Here, Defendant has completely failed to engage in discovery

18 (or to contact the court to provide an explanation for his

19 failure) for at least four months.   Defendant has been informed

20 of his discovery obligations.   DIRECTV sent him letters

21 concerning his obligation to produce initial disclosures and the

22 court issued a scheduling conference order directing Defendant to

23 provide initial disclosures.   Defendant has also failed to appear

24 at or participate in two court-ordered scheduling conferences.

25 Defendant has offered no justification for his noncompliance with

26 a court order and with his discovery obligations.   It is

27 reasonable to conclude that he acted willfully and in bad faith.

28     Having found willful misconduct, a district court must then

**7**

weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henry*, 983 F.2d at 948.

In this case, the public interest in the expeditious resolution of this matter is served by a terminating sanction, minimizing further delay and wasted resources, where defendant has refused to respond to a court order concerning discovery. Although Defendant's failure to produce discoverable information has clearly prejudiced DIRECTV in its ability to fully prosecute its claims, this prejudice can be cured by the lesser sanction of evidentiary exclusion.  Plaintiff argues that "Defendant's failure to serve Initial Disclosures and participate in case management indicates that lesser sanctions would be ineffective against him."  But Plaintiff has not been threatened with sanctions of any form to date.  At this stage, a sanction less drastic than termination is appropriate.  Defendant shall be precluded from using any evidence to respond to any dispositive motion or at trial that he should have provided as part of his initial disclosures.

### A.   Monetary Sanctions for Attorney's Fees Incurred by DIRECTV.

Finally, DIRECTV argues that Defendant Pahnke should be sanctioned for the attorney's fees incurred by DIRECTV to attend the Scheduling Conference and to prepare the current Motion. *See Marquis v. Chrysler Corp.*, 577 F.2d 624, 641 (9th

Cir. 1978) (holding that trial court did not abuse its discretion by ordering defendants to pay plaintiff's attorney $2,000 as compensation for expenses and fees incurred as result of defendants' failure to produce documents required by discovery).

The firm currently representing DIRECTV, Buchalter, Nemer, Fields & Younger of Irvine, California, has utilized the services of three attorneys to perform various tasks related to discovery and the preparation of this motion for hearing: (1) Mr. Sandeep J. Shah, whose current hourly billing rate is $255.00; Ms. Keli N. Osaki, whose current hourly billing rate is $300.00; and Mr. Gurjit S. Pandher, whose current hourly billing rate is $275.00. Mr. Shah attests that the firm "sets its rates to be competitive with the other major law firms in Southern California and [believes] that the rates charged by [the] firm are comparable to the prevailing hourly rates charged for legal services provided by persons of the same or similar skill and experience level in other firms." Shah Decl., at ¶10.

The following expenses were incurred in preparing the instant motion:

> (1) Mr. Pandher spent approximately five (5) hours preparing the motion and accompanying documents, for a total cost of $1375.00 ($275.00 x 5).

> (2) Mr Shah spent 1 hour reviewing and revising the motion and attachments, for a total cost of $255.00 ($255.00 x 1).

> (3) Ms. Osaki spent one-third (0.3) of an hour reviewing and revising the motion, for a total cost of $100.00 ($300.00 x 0.3).

> (3) In addition, Mr. Shah estimates that either himself or an attorney who bills at approximately the same hourly rate will spend approximately three hours preparing for and attending the hearing on this motion, for a total cost of $765.00 ($255.00 x 3).

The total of these expenses, $4,438.00, is documented as part of Exhibit F to the Shah declaration.  This figure is only a small fraction of the overall legal costs billed to DIRECTV by Buchalter, Nemer, Fields & Younger for work on this case.  The requested sanction is appropriate under Rule 37 and the amount billed is reasonable under the circumstances.  The request for a sanction of $4,438.00 is **GRANTED.**

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for sanctions is **GRANTED IN PART AND DENIED IN PART.**

(1)   Plaintiff's request that Defendant Pahnke's answer be stricken and default judgment be entered against him is **DENIED.**

(2)   Plaintiff's request that Defendant Pahnke be precluded from offering any evidence to respond to any dispositive motion or at trial is **GRANTED.**

(3)   Plaintiff is also ordered to pay the reasonable expenses, including attorney's fees, incurred by DIRECTV in preparing this motion for sanctions, in the amount of $4,438.000.

**SO ORDERED.**

Dated: May 18, 2005

/s/ OLIVER W. WANGER

_____

**Oliver W. Wanger
UNITED STATES DISTRICT JUDGE**

10